UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| GEORGE EDWARD PATRICK, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 18-445-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WARDEN, Federal Medical Center | ) | **MEMORANDUM OPINION** |
| Lexington, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

Petitioner George Patrick has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 7] After reviewing Patrick's petition, the requested relief will be denied because § 2241 is not the proper mechanism for pursuing the issue presented by Patrick.

**I.**

Patrick pleaded guilty to being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) in 2006. [London Criminal Action No. 6: 06-034 at Record No. 73] Patrick has a lengthy criminal history dating back to 1974. His past convictions include burglary, possession of marijuana with intent to distribute, use of a communication facility in attempting to possess marijuana, and driving under the influence, among others. [*Id*. at Record No. 93] Prior to sentencing, Patrick agreed that he had at least three previous convictions for violent felonies or serious drug offenses and that he should be sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(c)(1)(A). [*Id*. at Record No. 71] Accordingly, Patrick was sentenced under the ACCA to a term of

imprisonment of 199 months, to be followed by a five-year term of supervised release. [*Id*. at Record No. 73] Patrick did not appeal his conviction or sentence.

In June 2014, Patrick filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [*Id*. at Record No. 81] He argued that the Court erred in determining that he had three predicate offenses necessary to increase his sentence under the ACCA. Patrick attempted to rely on the Supreme Court decision in *Descamps v. United States*, 570 U.S. 254 (2013). However, the Court found that his claim was time-barred and explained that *Descamps* did not apply retroactively on collateral review. [*Id*. at Record No. 82] Patrick later filed a motion for reconsideration of the denial of his § 2255, which was unsuccessful. [*Id*. at Record Nos. 86, 89] This Court and the United States Court of Appeals for the Sixth Circuit denied Patrick's request for a Certificate of Appealability. [*Id*. at Record No. 92]

Patrick subsequently applied for authorization to file a second or successive § 2255 motion from the Sixth Circuit. He sought to assert that the provision of the ACCA under which he was sentenced was unconstitutionally vague according to the Supreme Court's decision in *Johnson United States*, 135 S. Ct. 2551 (2015). [*Id*. at Record No. 95] The Sixth Circuit denied his request, explaining that Patrick was sentenced based on three prior "drug distribution felonies." [*Id*.] Therefore, the residual clause of the ACCA was not utilized in sentencing and the *Johnson* holding was inapplicable to his case. [*Id*.]

Patrick then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on July 9, 2018. [Record No. 1] He later submitted an amended petition. [Record No. 7] Patrick attempts to utilize the "savings clause" provision of 28 U.S.C. § 2255(e) to assert the above claim in a § 2241 petition. He argues that he is actually and factually innocent of being an armed career criminal because his prior convictions no longer qualify to trigger the provision

of § 924(e). [*Id.*] Additionally, Partick asserts that the ACCA as applied to him is now void for vagueness and unconstitutional. He references *Johnson v. United States,* 135 S. Ct. 2551 (2015)*, Welch v. United States*, 136 S. Ct. 1257 (2016), and *Gates v. United States,* No. 17-3156, 2018 U.S. App. LEXIS 4075 (6th Cir. Feb. 20, 2018), in support of his argument. [*Id.*]

The Court directed the United States Probation Office to provide an updated PSR, identifying the offenses that may serve as predicate offenses under the ACCA. [Record No. 25] While the updated PSR concludes that Patrick had only one qualifying conviction, it correctly notes that he previously agreed to his classification as an armed career criminal.

**II.**

Federal prisoners typically challenge the validity of their federal convictions under § 2255. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016). Whereas, petitions brought under § 2241 are usually limited to claims challenging the manner or execution of an individual's sentence. *Id*. In very limited circumstances, however, a federal prisoner can use § 2241 to challenge the conviction or imposition of his sentence. But a petitioner cannot bring a § 2241 petition as an alternate or additional remedy to the one available under § 2255. *See Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). The savings clause of § 2255(e) states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Until recently, claims alleging actual innocence of a sentence enhancement could not be raised under § 2241. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *see also Raymer v. Barron*, 82 F. App'x 41, 432 (6th Cir. 2003). But *Hill v. Masters* allowed for a

narrow set of petitioners to challenge their sentences under § 2241. When a § 2241 petitioner seeks to challenge a misapplied sentence (as opposed to a conviction) the petitioner must show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or fundamental defect." *Hill,* 836 F.3d at 595 (citing *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013)). Patrick cannot meet the test in *Hill* because none of his prior convictions have been affected by a retroactive decision of statutory interpretation that could not have been invoked in an initial § 2255. *Id.*

The limited exception provided in the savings clause of § 2255 "does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255, but was denied relief." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). If Patrick took issue with his classification as an armed career criminal, he should have objected to the PSR, raised the issue at sentencing, on direct appeal, or in a timely § 2255. His counsel did not object to his predicate offenses, Patrick agreed that he had three qualifying predicate offenses and that he was properly designated as an armed career criminal, and then waited seven years before first challenging his sentence under § 2255. [London Criminal Action No. 6: 06-034 at Record Nos. 71, 73] Patrick has not shown that the remedy under § 2255 was inadequate or ineffective.

Simply stated, Patrick could have challenged his designation as an armed career criminal at multiple junctures but failed to do so. *See McCauley v. Sepanek*, 2013 U.S. Dist. LEXIS 66029 (E.D. Ky. May 9, 2013) ("28 U.S.C. 2255 . . . is the mechanism for collaterally challenging errors that occurred at or prior to sentencing.") (internal citations and quotations

omitted). And a § 2241 petition is not the proper mechanism for the petitioner to challenge a defect in his original sentencing that could have been remedied through objections at sentencing, on a direct appeal, or through a timely § 2255.

Accordingly, it is hereby

**ORDERED** that Petitioner George Patrick's Amended Petition for a Writ of Habeas Corpus [Record No. 7] is **DENIED.**

Dated: May 2, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge